# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DEQUAVIOUS PICOU, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, and UNIVERSITY OF WEST GEORGIA,<br><br>Defendants. | CIVIL ACTION NO.<br>1:20-cv-04697-MHC |

## BRIEF IN SUPPORT OF MOTION TO DISMISS DEFENDANT UNIVERSITY OF WEST GEORGIA

Defendant University of West Georgia (UWG), through counsel, files this brief in support of its motion to dismiss.

### PLAINTIFF'S ALLEGATIONS[1]

Plaintiff's Complaint states that he brings this case to obtain redress for injuries sustained as a result of Defendants' allegedly reckless disregard for the health and safety of UWG student-athletes. Doc. 1, p. 2 of 42, un-numbered first paragraph. Plaintiff brings two causes of action against UWG: Negligence (First Cause of Action)

---

[1] Defendant UWG does not concede that Plaintiff's allegations are accurate but acknowledges that his factual averments will be construed as true.

and Fraudulent Concealment (Third Cause of Action). Doc. 1, pp. 31 – 36, 38 – 40. For the reasons set forth below, both claims against Defendant UWG should be dismissed.

## ARGUMENT AND CITATION TO AUTHORITY

**A. UWG is not a legal entity capable of being sued.**

UWG is not a legal entity capable of being sued, and Plaintiff's claims against it should be dismissed for lack of subject matter jurisdiction. *See, e.g., Pace v. Platt*, 228 F. Supp. 2d 1332, 1335 (N.D. Fla. 2002), *aff'd*., 62 F. App'x 921 (11th Cir. 2003). Pursuant to Fed. R. Civ. P. 17(b)(3), the capacity to be sued of a party which is not an individual or corporation is determined "by the law of the state where the court is located." *See also Lovelace v. DeKalb Central Police Dept*., 144 F. App'x 793, 795 (11th Cir. 2005) (Georgia law determines whether an entity has the capacity to sue or be sued). UWG is a public university and a unit institution of the Board of Regents of the University System of Georgia (BOR). Under Georgia law, BOR retains power to manage, control, create, organize, and discontinue its unit institutions. O.C.G.A. §§ 20-3-31, 20-3-32, 20-3-51. BOR, not its individual unit institutions, holds "the power 'to sue and be sued, plead and be impleaded, answer and be answered unto'" in regard to the unit institutions it operates. *McCafferty v. Medical College of Ga*., 249 Ga. 62, 65 (1982). Regardless, for the reasons set forth below, even if BOR were substituted

for UWG and properly served in this action,[2] the Complaint is subject to dismissal in its entirety.

**B.    The Court lacks personal jurisdiction because process has not been served.**

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Hemispherx Biopharma v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2008). It is Plaintiff's burden to establish proper service of process. *See Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). Fed. R. Civ. P. 4 and O.C.G.A. § 9-11-4 require personal service of the summons and complaint by a person who is at least 18 years of age and who is not a party to the lawsuit. *See* Fed. R. Civ. P. 4(c)(2). Because Plaintiff's claims against UWG are tort claims, process must be served upon the state government officials designated in O.C.G.A. § 50-21-35 of the Georgia Tort Claims Act ("GTCA").

As demonstrated by the lack of any returns of service in this case, Plaintiff has not served process on the state government officials designated in the GTCA. Thus, this Court lacks personal jurisdiction over UWG and the Complaint against this

---

[2] Plaintiff has not caused process to be served on any state government official in this case, much less those officials designated to be served with process in O.C.G.A. § 50-21-35 of the Georgia Tort Claims Act.

Defendant is subject to dismissal.[3] Even if proper service were to be effected, however, the Complaint against Defendant UWG is subject to dismissal for all of the additional reasons set forth below.

### C.  UWG and BOR have Eleventh Amendment Immunity from suit.

The Eleventh Amendment bars actions against a State or one of its agencies, departments or officials, absent a waiver by the State or a valid congressional override, when the State is the real party in interest or when any monetary recovery would be paid from State funds. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 99-102 (1984).  The Georgia Constitution specifically preserves the State of Georgia's sovereign immunity from suit unless that immunity is waived by an Act of the Georgia General Assembly, and only on the limited terms and conditions set forth in such an Act.  Ga. Const. Art. I, § II, ¶ IX (e).  Further, the Georgia Constitution provides that "[n]o waiver of sovereign immunity shall be construed as a waiver of any immunity provided to the state or its departments, agencies, officers, or employees by the United States Constitution."  Ga. Const. Art. I, §II, ¶ IX (f).

---

[3] By this motion, Defendant UWG preserves the defenses of insufficient process, insufficient service of process, and lack of personal jurisdiction. See Fed. R. Civ. P. 12(h).

The Act that was passed by the General Assembly, the Georgia Tort Claims Act, provides a limited waiver of the State of Georgia's sovereign immunity for actions alleging torts committed by state officers or employees; however, sovereign immunity has not been waived for tort actions brought in federal court. Specifically, O.C.G.A. § 50-21-23(b) provides: "The state waives its sovereign immunity only to the extent and in the manner provided in [the GTCA] and only with respect to actions brought in the courts of the State of Georgia. The state does not waive any immunity with respect to actions brought in the courts of the United States." Similarly, O.C.G.A. § 50-21-28 provides that all tort actions involving state government entities "shall be brought in the state or superior court of the county wherein the loss occurred; …."

Federal case law is clear that states may waive their sovereign immunity on certain limited terms and conditions and preserve their sovereign immunity in all other instances. One of the instances in which federal courts have consistently held that a state's sovereign immunity has been preserved is when a state entity or its officials are sued in federal court and the state has not consented to be sued in federal court on those claims. The United States Supreme Court has recognized and enforced this concept in *Smith v. Reeves*, 178 U.S. 436, 445 (1900); *Chandler v. Dix*, 194 U.S. 590 (1904); and *Great N. Life Ins. Co. v. Read*, 322 U.S. 47 (1944). District Court and Eleventh Circuit rulings in Georgia likewise hold that

5

the State has not waived its sovereign immunity from suit on state law claims brought in federal court.  For example, in *Manning v. Ellis*, the District Court held that the "State defendants" were entitled to a dismissal of the state law claims asserted against them for three separate reasons, one of which was "the legislature of the State of Georgia clearly has not waived Georgia's sovereign immunity for tort actions brought in the courts of the United States." 2006 U.S. Dist. LEXIS 51426, at * 10 (M.D. Ga., July 27, 2006).  Similarly, in *Alyshah v. State of Georgia*, 2006 U.S. Dist. LEXIS 66550 (N.D. Ga., Sept. 1, 2006), *aff'd* at 239 Fed. Appx. 473, 2007 U.S. App. LEXIS 8357 (April 11, 2007) and *Alyshah v. State of Georgia*, 2006 U.S. Dist. LEXIS 66546 (N.D. Ga., Sept. 1, 2006), *aff'd* at 230 Fed. Appx. 949, 2007 U.S. App. LEXIS 18581 (August 2, 2007), the District Court held that state law claims were "barred by sovereign immunity as well as the Eleventh Amendment," for "[t]he GTCA [Georgia Tort Claims Act] specifically preserves the State's sovereign immunity from suit for tort claims filed in federal courts. *See* O.C.G.A. § 50-21-23(b). The State has similarly preserved its Eleventh Amendment immunity." *Alyshah*, 2006 U.S. Dist. LEXIS 66550, at * 4-5; and 2006 U.S. Dist. LEXIS 66546, * 11-12.

The State of Georgia has not consented to tort actions against its departments and agencies or their employees in federal court; thus the claims asserted against UWG in this action filed by Plaintiff in federal court should be dismissed as barred

by Eleventh Amendment and state sovereign immunity.

In addition, even if the State had waived its immunity from suit in federal court for state law claims against its agencies, or even if this action had been brought in a Georgia state or superior court, Plaintiff's claims against UWG (or BOR) still would be barred, as set forth below.

### D. Plaintiff failed to satisfy the *ante litem* notice requirements of O.C.G.A. § 50-21-26.

In 1992, the General Assembly enacted the Georgia Tort Claims Act. *See* O.C.G.A. § 50-21-20, *et seq*; *Datz v. Brinson*, 208 Ga. App. 455, 455-56 (1993). By its own terms, the GTCA "constitutes the exclusive remedy for any tort committed by a state officer or employee." O.C.G.A. § 50-21-25(a). As such, "it is declared to be the public policy of this state that the state shall only be liable in tort actions within the limitations of this article [the GTCA] and in accordance with the fair and uniform principles established in this article [the GTCA]." O.C.G.A. § 50-21-21(a); O.C.G.A. § 50-21-23. Here, the state law claims are barred by the GTCA because Plaintiff failed to attach the required *ante litem* notice exhibits.

Prior to filing a tort lawsuit against a state government entity, the GTCA requires a claimant to provide *ante litem* notice to the Risk Management Division of the Department of Administrative Services ("RMD-DOAS"), and to send a copy to the appropriate state government entity. O.C.G.A. § 50-21-26(a); *Cummings v.*

*Dep't of Juvenile Justice*, 282 Ga. 822, 824, 653 S.E.2d 729, 731-32 (2007). Furthermore, the GTCA provides that not only must an *ante litem* notice be given, a copy of the notice and a receipt for its delivery to the RMD-DOAS must be attached as exhibits to the complaint. O.C.G.A. § 50-21-26(a)(4). Otherwise, **no action** may be commenced and the courts shall have no jurisdiction thereof. O.C.G.A. § 50-21-26(a)(3) (emphasis added).

Here, Plaintiff failed to attach an *ante litem* notice and a receipt for its delivery to RMD-DOAS as exhibits to the Complaint as required. [Doc. 1]; *and see Ga. Ports Auth. v. Harris*, 274 Ga. 146, 150-51 (2001) (delivery receipt is required under GTCA); *Baskin v. Ga. Dep't of Corrs.,* 272 Ga. App. 355, 356-359 (2005) (same). Unless properly amended within thirty (30) days, Plaintiff's claims are subject to dismissal for this additional reason.

## CONCLUSION

Defendant UWG respectfully requests that the Court grant its motion and dismiss Plaintiff's lawsuit and claims against it.

Respectfully submitted this 29th day of January, 2021.

|  |  |
|---|---|
| CHRISTOPHER M. CARR<br>Attorney General | 112505 |
| KATHLEEN M. PACIOUS<br>Deputy Attorney General | 558555 |

                                LORETTA L. PINKSTON-POPE    580385
                                Senior Assistant Attorney General

PLEASE ADDRESS ALL
COMMUNICATIONS TO:

Loretta L. Pinkston-Pope
Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, GA 30334-1300
(404) 458-3551
<u>lpinkstonpope@law.ga.gov</u>

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in 14-point New Times Roman type face.

                      /s/ *Loretta L. Pinkston-Pope*
                      LORETTA L. PINKSTON-POPE     580385
                      Senior Assistant Attorney General

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed the foregoing brief with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Odis Williams
The Law Office of Odis W. Williams
1640 Powers Ferry Road
Building 20, Suite 300
Marietta, GA 30067
owilliams@odiswilliamspc.com

Keith Altman
The Law Office of Keith Altman
33228 West 12 Mile Road – Suite 375
Farmington Hills, MI 48331
kaltman@lawampmmt.com

This 29th day of January, 2021.

/s/ *Loretta L. Pinkston-Pope*
LORETTA L. PINKSTON-POPE   580385
Senior Assistant Attorney General