IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEQUAVIUS PICOU, individually
and on behalf of all others similarly
situated,

    Plaintiff,

v.

NATIONAL COLLEGIATE
ATHLETIC ASSOCIATION and
UNIVERSITY OF WEST
GEORGIA,

    Defendants.

CIVIL ACTION FILE

NO. 1:20-CV-4697-MHC

## ORDER

This is a class action complaint seeking "to obtain redress for injuries sustained as a result of Defendant's (sic) reckless disregard for the health and safety of generations of University of West Georgia student-athletes." Class Action Compl. [Doc. 1] at 1. Presently pending before the Court is Defendant University of West Georgia ("UWG")'s unopposed[1] Motion to Dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure [Doc. 11].

---

[1] Plaintiff has failed to file a response to the motion within the time permitted by rule.  See Kramer v. Gwinnett Cnty., 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004)

Under longstanding Georgia law, "[t]he government, control, and management of the University System of Georgia and all of the institutions in said system shall be vested in the Board of Regents of the University System of Georgia." GA. CONST. Art. VIII, § IV, ¶ 1(b); see also O.C.G.A. § 20-3-51. As a result, the Board of Regents is the proper party to sue under state law, not a member institution of the University System of Georgia. McCafferty v. Med. Coll. of Ga., 249 Ga. 62, 65 (1982) ("[T]he power to sue and be sued . . . has been . . . vested in the Board of Regents."), overruled on other grounds by Self v. City of Atlanta, 259 Ga. 78. 80 (1989); see also Barnes v. Zaccari, 592 F. App'x 859, 865 n.3 (11th Cir. 2015) (concluding that the Board of Regents, and not Valdosta State University, was the proper party to be named in a lawsuit); Bowers v. Bd. of Regents of the Univ. Sys. of Ga., No. 1:11-CV-228-ODE, 2012 WL 12893538, at *5 (N.D. Ga. Mar. 20, 2012), aff'd, 509 F. App'x 906 (11th Cir. 2013) (dismissing a lawsuit against the Medical College of Georgia because it was not subject to suit

---

("[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed"); LR 7.1B, NDGa ("Failure to file a response shall indicate that there is no opposition to the motion.").

under Georgia law). Consequently, Plaintiff's claims against UWG, a member institution of the Board of Regents, must be dismissed.

Accordingly, it is hereby **ORDERED** that Defendant University of West Georgia's Motion to Dismiss [Doc. 11] is **GRANTED**.

**IT IS SO ORDERED** this 22nd day of February, 2021.

*/s/ Mark H. Cohen*
MARK H. COHEN
United States District Judge